THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

       v.                        **23-CR-00113-6**

HARDER GARCIA               Honorable NANCY L. MALDONADO

    Defendant.

**DEFENDANT'S SENTENCING
MEMORANDUM**

Defendant Hader Garcia (Hader), by and through his attorney, Wayne B. Slaughter, Jr., W.B. Slaughter & Associates LLC, respectfully submits Defendant's Sentencing Memorandum; and Defendant herein files the attached Sentencing Memorandum and requests, pursuant to 18 USC 2553(a) and *United States v. Booker*, 543 U.S. 220 (2005),and its progeny, that this Honorable Court impose a minimum sentence and a minimum term of Supervised Release and any other conditions this court deems appropriate. In support of this request, Hader states as follows:

## I. OVERVIEW OF SENTENCING REQUEST

On July 9, 2024, Hader pled guilty to Count 1 of the superseding indictment alleging a violation of 21 USC § 841 (a)(1) and 21 USC § 846 – conspiring with others to intentionally and knowingly distribute a controlled substance. (Presentence Investigation Report (PSR) ¶ 6).

### A. Crack to Cocaine Disparity

As the Court is aware, the disparities in sentencing which revolve around the difference between Crack Cocaine and Powder Cocaine have been deemed unfair to communities of color,

1

especially Black and Brown communities. That is why in 2022, U.S. Attorney General Merick Garland issued guidance that the Crack Cocaine and Powder Cocaine should be equally treated under the law, hoping to do away with the sentencing disparities.

Hader is arguing, and the Government does not oppose, that (for the purpose of sentencing) the Court should consider the Crack to Cocaine Disparity and sentence Hader as if the confiscated drugs were powdered cocaine. (**See Government's Version of the Events, Pg. 19**). In Hader's case, the amount of Cocaine base (Crack) and Heroin combined equals about 1,072 K, which (per the USSG §2D1.1(a)(5) and (c)(10)), would put Hader Total Offense Level at 20 if the Cocaine Base (Crack) were treated as Powdered Cocaine. If the Cocaine Base (Crack) determination were used singularly that would put Hader's Total Offense Level at 30 (per the USSG ¶2D1.1(a)(5) and (c)(5). (PSR ¶ 96). (PSR ¶'s 22-31). When all other factors are accounted for, if the Court were to treat the Cocaine Base (Crack) as Powdered Cocaine, Hader's Offense Level would be 19 as opposed to 29. Id. The result in treating Cocaine Base (Crack) like Powered Cocaine amounts to about 50-69 months (4.2-5.9 years) less incarceration time. (PSR ¶'s 79, 96).

A 30-month sentence is sufficient, but not greater than necessary, to comply with the purposes of sentencing articulated in 18 U.S.C. § 3553(a), hereinafter referred to as "§3553(a)". A sentence of 30 months and a minimum term of supervised release reflects the seriousness of the offense, while considering Hader's desire for rehabilitation, remorse, acceptance of responsibility, and his personal history and characteristics.

Hader's personal history, his desire to be a productive citizen and desire to change render a minimum sentence "sufficient, but not greater than necessary" to meet the § 3553(a) purposes of punishment. A sentence of more than requested would be far greater than necessary to serve the purposes of punishment.

II.    **IN CONSIDERING THE §3553(a) FACTORS, HADER'S PERSONAL HISTORY AND CHARACTERISTICS, A MINIMUM SENTENCE IS SUFFICIENT BUT NOT GREATER THAN NECESSARY TO MEET THE PURPOSE OF PUNISHMENT**

As this Court is keenly aware, the guidelines are a starting point for Courts to consider, but Courts must make an individual determination of the appropriate sentence based on the offender. Sentencing is not a "mechanical process but a response to a particular person who has a particular history and has committed a particular crime." *United States v. Harris,* **679 F3d 1170, 1183 (9th Cir. 2012)**. Hader's personal history and characteristics must be considered by this Court. (18 USC §3553(a)(1)). And the Court must create a sentence which fit[s] the offender and not merely the crime." *Koon v. United States,* **518 U.S. 81, 113 (1996)**. In considering the 3553(a) factors this Court will find a minimum sentence coupled with a minimum term of supervised release, provides adequate deterrence and is sufficient but not greater than necessary.

A.  **Hader is a 20-Year-Old Hispanic Man who Struggles with a History of Juvenile abuse, Problematic Mental Health Disorders, a History of Drug and Alcohol Addiction, and significant Learning Disabilities**

Hader is a 20-year-old Hispanic male. He was born in December 2003, in Cali Columbia. (PSR Pg. 3, ¶ 50). Hader's father was physically abusive, and his mother migrated to the United States when Hader was about 2 years old, leaving Hader to be raised by his maternal grandparents in Cali, Columbia. (Id.). Hader was about 5 years old when his mother brought him to the United States. (Id). Thus, Hader is not a U.S. citizen and may be subject to deportation. (PSR ¶ 59).

Hader lived with his mother and stepfather in Chicago until the age of 15. (PSR ¶ 53). In 2022, Hader's mother moved to Florida, leaving Hader to fend for

3

himself at the age of 18. (PSR ¶ 51). Hader's stepfather had two other children by Hader's mother. (PSR ¶ 53). Hader's stepfather physically and mentally abused Hader because (Hader believes) he was not his biological son. (Id).

Around the age of 14, Hader began associating with members of the La Familia Stones street gang because he lacked parental guidance at home; and Hader learned that he could make money associating with the gang members to buy clothes, shoes, and help his mother financially. (PSR ¶'s 57, 65). As a result of Hader's affiliation with La Familia, Hader has been shot 5 times. Hader has nerve damage in his left arm where a bullet is lodged in his wrist. (PSR ¶62). Hader was in a car accident in 2021 which left him with brain trauma, paralysis to the left side of his face, and serious back injuries. (PSR ¶60). In hindsight, Hader now understands that associating with known gang members was a bad idea. (PSR ¶ 57).

Hader has been living on his own since before his mother moved to Florida and has been in custody since January 2022. (PSR ¶ 58). He supports himself and pay his bills by selling drugs. (Id).

Hader's highest level of education is 10th grade. (PSR¶ 71). Hader dropped out of high school because there were opportunities to make money in the streets and he needed to support himself. (Id). Hader has no specialized training or vocational licenses; but he is fluent in Spanish and English and does desire to obtain his GED while incarcerated. (PSR ¶'s 71, 72).

In support of Hader's plea for a minimum sentence, Hader submits that growing up he never had an opportunity for a stable home life. He was abused as a child and addicted to substances at an early age. He began drinking at the age of 11 and by the time he was 13, he was drinking a fifth of liquor every other day. (PSR ¶

4

68). At the age of 13 he started using Marijuana and now has an everyday habit of abusing Marijuana. (PSR ¶ 69). Hader also has a Percocet addiction, which started when he was 15 years old and has become a part of his daily routine. (Id). Much of Hader's addictive behavior may be a result of his diagnosed mental disorder which is Attention Deficit Hyperactivity Disorder (ADHD), with which he has been struggling since he was 10 years old. (PSR ¶ 64)

When Hader was placed in custody (January 2022), he was 18 years old, had only a 10th grade education, was living on his own, was addicted to alcohol and Percocet, dealing with mental issues like depression and anxiety, and he was selling drugs to get by. This is not the life Hader would have chosen for himself.

## III. A MINIMUM SENTENCE REFLECTS THE SERIOUSNESS OF THE OFFENSE, IS A JUST PUNISHMENT, A SUFFICIENT DETERRENCE AND CONSIDERS THEPROTECTION OF THE PUBLIC

### A. Nature And Circumstance Of The Offense.

The purpose of incarceration should be to rehabilitate the individual and help him to become a better citizen; and not (just) punishment. And the purpose of supervised release should be to help guide (the individual) to becoming a "better" citizen until that guidance is no longer needed. And, when supervised release is no longer needed, it should be discontinued because it can become a hinderance by placing more responsibilities on the offender than are necessary. Hader can turn this situation around and learn from it. Hader has the aptitude to adjust his conduct.

### B. Hader Accepted Responsibility For His Conduct.

By pleading guilty to this offense, Hader accepted responsibility for her conduct. He did not waste the Court's time by insisting on a trial, nor did he cause the Government to expend excess resources to prosecute this case. (PSR ¶'s 19, 29, 30). It is important to note that Hader has no prior convictions, and his Criminal History Category is I. (PSR ¶ 39). Although there are

pending charges, Hader has no prior convictions. (PSR ¶'s 40-48).

### C. A Minimum Sentence of Detention and Supervised Release is Appropriate For The Seriousness Of The Offense, Serves as Both Specific And General Deterrence and Protects the Public.

Hader submits he is an offender by the circumstances of the life choices he made which are a direct result of his upbringing, lack of parental guidance, mental health disorders, substance addiction, and gang affiliation. If Hader receives help for his substance abuse and mental health issues, he could become a model citizen.

### D. Hader's Objections to the PSR and Conditions of Supervised Release

Hader has no objections to the Presentence Investigation Report (PSR) or the conditions for Supervised Release.

## IV. CONCLUSION

Hader will have this felony conviction on his background for the rest of her life. He will face obstacles because of it. Hader is resilient and will overcome those obstacles and become a person who he is proud of, and a person his family can be proud of. Hader failed to make the right choices, and He accepts that he must pay for his mistake. However, Hader is more than the sum of her mistakes and should not solely be judged based on them. Hader wants to come outof this circumstance as a better person. A minimum sentence of detention followed by a minimum term of supervised release would deter Hader from further criminal activity, accounts for the nature and circumstance of the offense and Hader's personal characteristics and is sufficient but not greater than necessary to comply with the purpose of sentencing.

6

Respectfully submitted,


<u>s/ Wayne Slaughter</u>
Wayne Slaughter
W. B. Slaughter &
Associates LLC
Federal Defender
Panel Attorney
P.O.Box 74
Flossmoor, Il. 60422
T: 800-746-0982
F: 800-746-0982
E:
wayne.slaughter@slaughterassociates.com

## <u>CERTIFICATE OF SERVICE</u>

I, Wayne Slaughter, Attorney at Law, hereby certifies that the foregoing was served , in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

<u>s/ Wayne Slaughter</u>
Wayne Slaughter
W. B. Slaughter & Associates LLC
Federal Defender
Panel Attorney
P.O.Box 74
Flossmoor, Il. 60422
T: 800-746-0982
F: 800-746-0982
E:
wayne.slaughter@slaughterassociat
es.com